## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**THOMAS R. HYSELL,**

     **Petitioner,**

                                  **Case No. 2:16-cv-00139**

     **v.**                                 **JUDGE MICHAEL H. WATSON**

                                      **Magistrate Judge King**

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION,**

     **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 3), Respondent's *Motion to Dismiss* (ECF No. 12), and the exhibits of the parties. The *Motion to Dismiss* is unopposed. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Facts and Procedural History

In January 2007, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to voluntary manslaughter and tampering with evidence. (ECF No. 12-1, PageID# 120). The trial court imposed an aggregate term of fifteen years' incarceration pursuant to the joint recommendation of the parties. (PageID# 123; 146). Petitioner did not file a timely appeal. Years later – on May 2, 2012 – Petitioner filed a *Motion for Production of Transcripts*. (PageID# 173). Apparently, the trial court never issued a ruling on that motion. Several years after the filing of that motion – on June 16, 2015 – Petitioner filed a *Notice of Appeal* and *Motion for Leave to File Delayed Appeal*. (PageID# 124, 129). As cause for his delay in filing the

appeal, Petitioner represented to the state appellate court that the trial court had failed to advise him of his appellate rights and that his attorney told him that he had no right to appeal.  Petitioner also represented that he had been on psychiatric medication at the time of his guilty plea and had remained on medication until 2012.  He stated that he learned about his right to appeal only in May 2015, after speaking to another prison inmate.  (PageID# 130-31).  On September 1, 2015, the appellate court denied Petitioner's motion for delayed appeal for failure to demonstrate good cause for the delayed filing.  (PageID# 146).  On December 2, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal from that decision pursuant to S.Ct.Prac.R. 7.08(B)(4).  (PageID# 172).

Meanwhile, on June 17, 2015, Petitioner filed a second *Motion for Production of Transcripts*.  (PageID# 179).  On March 30, 2016, he filed a *Petition for the Issuance of Writ of Mandamus* in regard to his *Motion for Production of Transcripts*.  (PageID# 183).  On April 27, 2016, the appellate court *sua sponte* dismissed Petitioner's mandamus petition.  (PageID# 187).

On February 3, 2016, Petitioner executed the *Petition* filed in this case.  (PageID# 66). He alleges that the state appellate court improperly denied his motion for delayed appeal without reviewing the transcripts of his guilty plea (claim one); that he was denied due process because the state courts failed to provide a free copy of the transcript of his guilty plea and sentencing hearing (claim two); that the trial court erred in determining the jail time credit to which he was entitled (claim three); that he was denied the effective assistance of counsel at sentencing because his attorney failed to object to the jail time credit received and to the imposition of the maximum sentence, and failed to advise Petitioner of his right to appeal (claim four); and that the trial court abused its discretion by imposing the maximum term of incarceration (claim five).

Respondent contends that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), Petitioner's judgment of conviction became final on February 19, 2007, when the time for filing a timely appeal of the trial court's January 2007, judgment of

conviction expired. *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, — U.S. —, 132 S.Ct. 641, 653–54 (2012)); Ohio Appellate Rule 4(A). The statute of limitations began to run the following day and expired one year later – on February 20, 2008. Yet Petitioner waited almost eight years after that date – until February 3, 2016 – to execute the *Petition*. Moreover, none of his state court filings, the earliest of which was filed in May 2012, tolled the running of the statute of limitations, because Petitioner filed all those actions after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

However, the one-year limitations period is not jurisdictional and may be subject to equitable tolling, although that relief is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011). In order to obtain equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of* Veterans *Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving

4

his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall,* 662 F.3d at 751 (citation omitted). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 Fed.Appx. 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998)). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002)). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v.*

*Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted). In *Holland*, 560 U.S. 631, the United States Supreme Court held that egregious misconduct by an attorney might constitute an extraordinary circumstance warranting equitable tolling of the statute of limitations; however, the Court also noted that a "garden variety claim of excusable neglect," such as a miscalculation that leads a lawyer to miss a filing deadline, would not justify the equitable tolling of the statute of limitations. *Id*. at 651-52 (citations omitted).

In claim one, Petitioner alleges that the appellate court improperly denied his motion for a delayed appeal without reviewing the transcripts of his guilty plea.  In claim two, Petitioner alleges that he was denied due process because the state courts failed to provide him with a free copy of the transcript of his guilty plea and sentencing hearings.  Petitioner also claims that he did not know about, and was not advised of, his right to appeal.  Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denies the motion for delayed appeal.  *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006).  Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

> * * *

> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims* [*v. United States*], 225 F.3d [186,] 190–91 [(2d Cir. 2000)] (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.* at 470–471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.*, at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Neu v. Brunsman*, No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010) (same) (citing *Pierce v. Banks*, No. 2:09-cv-00590, 2009 WL 2579202 (S.D. Ohio Aug. 20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan. 29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson,* Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk. . . to '[notice] that [he] was never informed of his right to

appeal[.]'") *See also Yavari v. Wolfe*, No. 2:07-cv-480, 2008 WL 2078061, at *7 (S.D. Ohio May 13, 2008)(Petitioner failed to establish that he acted diligently in learning about his right to appeal by waiting two years to file motion for a delayed appeal)(citations omitted). *See also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

Petitioner has failed to establish that he acted diligently in learning about his right to appeal. Petitioner waited more than five years after the trial court issued is judgment before filing even a motion for transcripts. He then waited more than three more years – until June 16, 2015 – before filing a motion for a delayed appeal. He represented that he had only recently learned about his right to appeal after speaking to a fellow inmate, but the state appellate court discredited that representation. *See Memorandum Decision* (ECF No. 12-1, PageID# 147):

> Contrary to appellant's assertions, the entry of guilty plea form which defendant signed on January 16, 2007, contains the following statement: "I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction." (*Entry of Guilty Plea Form*, 2.) Defendant's trial counsel also signed the entry of guilty plea form. Accordingly, the record reveals that appellant was informed of his right to appeal his conviction.

*Id.* *See* 28 U.S.C. § 2254(e)(The factual findings of s state court are presumed to be correct.). Further, where a petitioner signs a guilty plea acknowledging that he understands his right to appeal, his subsequent allegation to the contrary may be deemed to be unworthy of credit. *See, e.g., Wise v. Moore*, No. 2:07-cv-016, 2008 WL 269437, at *4 (S.D. Ohio Jan. 30, 2008)(citing *Jackson v. Sheets*, No. 1:05-cv-608, 2006 WL 3759700 (S.D.Ohio Aug. 8, 2006)(citing *Johnson v. United States*, 544 U.S. 295 (2005)(distinguishing *DiCenzi v. Rose* where the defendant signed a guilty plea form acknowledging that he knew about his right to appeal and the time in which to

do so); *Hale v. Warden, London Correctional Institution*, No. 1:05-cv-213, 2006 WL 3230856 (S.D. Ohio November 6, 2006) (same).[1]

In short, this Court concludes that Petitioner has failed to explain what action, if any, he took in order to learn about his right to appeal. He does not identify any factor that would have prevented him from learning about the right to appeal. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009) (concluding that petitioner failed to act diligently in waiting three years to learn about his right to appeal, noting that "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights" and "[a] period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.") (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D. Ohio 2008)); *see also Ward v. Timmerman-Cooper*, 2008 WL 214411, at *5 (no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the petitioner to pursue his rights [.]"). *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

---

[1] *In Moore v. Wilson*, No. 1:08-cv-2029, 2009 WL 2399122, at *12 (N.D. Ohio Aug. 4, 2009), the court concluded that the petitioner was not entitled to a delayed starting date of the statute of limitations under § 2244(d)(1)(D) because he had been sentenced pursuant to the joint recommendation of the parties and therefore had waived his right to appeal under Ohio law. *But see McIntosh*, 632 F.Supp.2d at 737-38 (N.D. Ohio 2009).

*United States v. Baker*, 197 F. 3d at 218.

Petitioner offers no explanation, or justification, for the lengthy delay on his part in pursuing relief. Therefore, this Court is not persuaded that the record reflects either that Petitioner acted diligently or that this action is timely under *DiCenzi v. Rose*, 452 F.3d at 465.

The one-year statute of limitations may also be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11–cv–1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Without "new evidence" that makes it "more likely than not that no reasonable juror would have convicted him," a petitioner may not make use of the actual-innocence gateway and escape AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (internal quotation marks omitted). Petitioner has not met this "demanding" actual-innocence standard. *See Perkins*, 133 S. Ct. at 1935.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 12) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
October 24, 2016

11